UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

August 13, 2018

LETTER TO COUNSEL:

      Re:    *Leonard Russell v. Democracy Federal Credit Union, et al.*
               Civil Case No. TJS-17-1703

Dear Counsel:

      For reasons that will be stated in a forthcoming memorandum opinion, the Court's rulings on the motions to dismiss filed by Third-Party Defendant Gerald Woods ("Woods") are as follows.

      Woods' "Motion to Dismiss Cross-Claim of Leonard Russell" (ECF No. 65 & 67) is denied without prejudice. Woods refers to a letter from Leonard Russell ("Russell") to Woods dated September 14, 2014, but no letter is attached to Woods' Motion or memorandum in support.[1] This letter is dispositive to the arguments presented by Woods, but because it is a matter outside the pleadings, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *cf. Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (explaining that a statute of limitations defense may be brought under Rule 12(b)(6) only "if the time bar is apparent on the face of the complaint"). Because the letter was not incorporated into Woods' motion, Russell has not been given a reasonable opportunity to present all material that is pertinent to the motion. Accordingly, Woods' "Motion to Dismiss Cross-Claim of Leonard Russell" (ECF No. 65) is **DENIED WITHOUT PREJUDICE**. If the parties' settlement conference is unsuccessful, Woods is granted leave of Court to renew this motion by filing a line incorporating Russell's letter into the motion. Any party may file a response to such a line within 14 days, and any reply will be due 14 days thereafter.

      Woods' "Motion to Dismiss Third-Party Complaint of Democracy Federal Credit Union" (ECF Nos. 66 & 68) is denied. In its Counterclaim and Third-Party Complaint (ECF No. 38), Democracy contends that it first learned of the dispute regarding Woods' addition as a joint owner of the account and his subsequent withdrawals in June 2017, which is within the

---

[1] A copy of the letter appears to have been filed at ECF No. 54-1, but that document was not incorporated into Woods' motion. The letter makes clear that Russell had actual knowledge of Woods' July 2014 withdrawal from the account no later than September 14, 2014. (ECF No. 67 at 8-9.)

applicable statute of limitations.[2] Accordingly, it is not "apparent on the face of the complaint" that Democracy's claims were filed outside of the statute of limitations. Dismissal on statute of limitations grounds is therefore inappropriate. The Court will construe Democracy's constructive trust claim as a request for relief in connection with its unjust enrichment claim. For the reasons set forth by other judges of this Court, Woods' motion will be denied as to this claim. *See J.J. Crewe & Son, Inc. Profit Sharing Plan v. Orye*, No. RDB-11-2924, 2012 WL 2339740, at *3 (D. Md. June 19, 2012); *J.J. Crewe & Son, Inc. Profit Sharing Plan v. Talbot*, No. ELH-11-2871, 2012 WL 1994778, at *8 (D. Md. June 1, 2012). Accordingly, Woods' "Motion to Dismiss Third-Party Complaint of Democracy Federal Credit Union" (ECF No. 66) is **DENIED**.

Although informal, this is an Order of the Court and shall be docketed as such.

/s/
Timothy J. Sullivan
United States Magistrate Judge

---

[2] Under Maryland law, banks must use ordinary care in disbursing a customer's funds. *Schultz v. Bank of Am., N.A.*, 413 Md. 15, 28 (2010). Maryland law also provides that "[u]nless [an] account agreement expressly provides otherwise, the funds in a multiple-party account may be withdrawn by any party or by a convenience person for any party or parties, whether or not any other party to the account is incapacitated or deceased." Md. Code, Fin. Inst. ("FI") § 1-204(f). At the same time, however, FI § 1-204(f) "does not confer ownership of the funds in the account to the party or the convenience person," and it "does not delineate or detail the relationship among the parties to a multiple-party account." *Wagner v. State*, 445 Md. 404, 422 (2015). "[I]nstead, FI § 1–204(f) concerns the relationship between the parties to a multiple-party account and the financial institution where the account is held, as memorialized in an account agreement between the financial institution and the parties to the multiple-party account." *Id.*