IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEONARD W. RUSSELL, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-17-1703 |
| DEMOCRACY FEDERAL CREDIT UNION, *et al.* | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

Pending before the Court are cross-motions for summary judgment filed by Defendant/Counter-Plaintiff Democracy Federal Credit Union ("Democracy") (ECF No. 85), Third-Party Defendant Gerald Woods ("Woods") (ECF No. 90), and Third-Party Defendant Mary Merchant ("Merchant") (ECF No. 82).[1] Having considered the submissions of the parties, I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, I conclude that "considerations of practicality and wise judicial administration" compel the Court to decline to entertain the parties' requests for declaratory judgment. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Accordingly, the parties' cross-motions will be denied and Democracy's Counterclaim and Third-Party Complaint (ECF Nos. 38 & 39) will be dismissed without prejudice.

Plaintiff Leonard Russell ("Russell") filed this case against Democracy to recover damages for Democracy's alleged breach of contract related to the disbursement of funds from a bank account. (ECF No. 36.) In short, at varying times, Russell, Woods, and Merchant were joint account owners of a bank account opened by James Merchant. After James Merchant died, Woods

---

[1] This case was referred to me for all proceedings, pursuant to 28 U.S.C. § 636(c), on November 29, 2017. (ECF No. 27.)

withdrew almost all the funds from the account (approximately $450,000). Russell sued Democracy for breach of contract, alleging that Democracy breached its account agreement with him by allowing Woods to withdraw funds from the account even though Woods was not a joint account owner. Democracy filed a Counterclaim and Third-Party Complaint (ECF Nos. 38 & 39) against Russell, Woods, and Merchant. Democracy sought a declaratory judgment that it properly disbursed the proceeds of the account to Woods. In the alternative, if the Court determined that Democracy improperly disbursed the proceeds of the account to Woods, Democracy filed claims for unjust enrichment and constructive trust against Woods. Thereafter, Russell filed a cross-claim against Woods for constructive trust. Merchant did not file any claims, counterclaims, or cross-claims.

On February 8, 2019, the parties filed a joint status report (ECF No. 107) advising the Court that several claims between the parties had been resolved by settlement. Specifically, Russell has settled his claims against Democracy and Woods, and Democracy has settled its claims against Russell. Democracy's claims against Woods and Merchant remain pending. At bottom, Democracy seeks a declaration that Woods had authority to withdraw the funds from the account.[2]

The parties' cross-motions for summary judgment have been fully briefed. Democracy seeks summary judgment on its declaratory judgment claim as to Merchant only. (ECF No. 85.) Merchant's motion for summary judgment seeks a declaratory judgment that is the converse of the declaration that Democracy seeks. (ECF No. 82.) Woods moves for summary judgment as to Democracy's third-party claims against him. (ECF No. 90.) Because of the settlement agreements

---

[2] Because the Court will dismiss Democracy's Counterclaim and Third-Party Complaint, it is unnecessary to address Democracy's claims against Woods for unjust enrichment and constructive trust. Democracy only seeks relief in connection with these claims to the extent that the Court concludes that Woods did not have authority to withdraw the funds from the account.

reached by the parties (*see* ECF No. 107), the only disputes remaining for the Court to resolve are (1) whether Democracy or Merchant are entitled to a declaratory judgment, and if Merchant prevails on this issue, (2) whether Woods is entitled to summary judgment on the third-party claims that Democracy has raised against him.

The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes a district court to "declare the rights and other legal relations of any interested party seeking such declaration." A court

> may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

*Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004). The relief provided by the Declaratory Judgment Act is discretionary, and courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286; *see also Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 287 (1952) (noting that the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant"). Accordingly, a claim brought under the Declaratory Judgment Act presents a district court with "an opportunity, rather than a duty" to grant declaratory relief. *Wilton*, 515 U.S. at 288.

A court's exercise of its discretion in connection with the Declaratory Judgment Act "is not without bounds." *Volvo Const. Equip. No. Am. Inc.*, 386 F.3d at 594. The Fourth Circuit has articulated several factors to guide district courts in deciding whether to exercise jurisdiction over a declaratory judgment action. *Empire Fire & Marine Ins. Co. v. Gross*, No. CCB-11-3598, 2013 WL 524766, at *3 (D. Md. Feb. 12, 2013) (citing *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998)). In cases like this, where there is no parallel state court proceeding,

3

the principal questions are whether the declaratory relief sought "(1) will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (internal quotation marks omitted).

Turning first to the *Volvo* factors, 386 F.3d at 592, the Court is satisfied (and the parties do not dispute) that this case is properly before the Court based on diversity jurisdiction. The Court will therefore focus on the first and third factors. Regarding the first factor, the Court finds that an actual controversy existed at the time that Democracy filed its Counterclaim and Third-Party Complaint, but the controversy is now moot because of events that occurred after that time. Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). A case no longer presents an actual, ongoing controversy "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir.2008) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (internal quotation marks omitted). In declaratory judgment actions, to satisfy the case or controversy requirement the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests, and that it be real and substantial and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Grice v. Colvin*, 97 F. Supp. 3d 684, 705-06 (D. Md. 2015) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

This case no longer presents an "actual, ongoing" controversy because (1) the disputes between Democracy, Woods, and Russell are no longer at issue, and (2) no party has a legally cognizable interest in the resolution of the dispute between Democracy and Merchant. With respect

4

to Democracy's dispute with Merchant regarding the propriety of its disbursement of funds from the account to Woods, any judgment by the Court resolving the issue would not "admi[t] of specific relief through a decree of conclusive character." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937); *MedImmune*, 549 U.S. at 127. If the dispute is resolved in Merchant's favor, she would be entitled to no relief beyond the Court's declaration. This is because Merchant is time-barred from obtaining any relief because of her failure to assert a timely claim against Democracy or any other party. Similarly, even if the Court concluded that Democracy properly disbursed the account's funds to Woods, such a judgment would provide no relief to Democracy. In such event, Woods' interests would not be opposed to Democracy's interests, and Democracy would not be any further insulated from a potential claim by Merchant because any claim is already time-barred.

Put another way, a declaration in Merchant's favor could not be redeemed for monetary relief because of the expiration of the statute of limitations.[3] Similarly, a declaration in Democracy's favor would not adjudicate any "actual, ongoing" controversy because Merchant has not raised any claims against Democracy, and Democracy has settled with Russell. Given that Merchant cannot obtain relief against Democracy, and that Russell has settled his claims against Democracy, Woods is no longer a party adverse to Democracy. Any declaration that the Court would issue in Democracy's favor would only approve Democracy's disbursement of the funds to Woods.

---

[3] Under the best-case scenario for Merchant, any claim that she might have had against Democracy for breach of contract accrued no later than July 15, 2014. This is the date that Merchant spoke to a representative of Democracy and was told that all funds in the account had been withdrawn. (*See* ECF No. 87.) In Maryland the statute of limitations for a breach of contract action is three years. Md. Code, Cts. & Jud. Proc. § 5-101. Merchant failed to file a claim against Democracy within three years of July 15, 2014.

5

Even assuming that the competing requests for declaratory relief present an "actual, ongoing" controversy, it would be imprudent for the Court to grant any such relief. Any claim that Merchant might raise in the future is time-barred. A declaration in her favor, even assuming such a declaration is permissible, would not afford her any actual relief.[4] Likewise, a declaration in Democracy's favor would not afford it "relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Empire Fire & Marine Ins. Co.*, 2013 WL 524766, at *3. Democracy has settled with Russell, its interests are not adverse to Woods, and the risk to Democracy that "actual liability will emerge from this incident is now so low, and the threat of further litigation in this matter so tenuous, that a declaratory judgment by the Court setting out the rights of the parties would come precariously close to being an advisory opinion." *Id.* (citing

---

[4] To obtain declaratory relief, a party must file the appropriate pleading. *See OneBeacon American Ins. Co. v. Fulton Boiler Works, Inc.*, No. MAD-13-1525, 2016 WL 1248892, at *5-6 (N.D.N.Y. March 28, 2016) (denying defendants' motions for summary judgment on plaintiff's declaratory judgment claim because defendants failed to assert cross-claims or counterclaims for declaratory judgment"); *see also* 10B Charles Alan Wright, et al., Federal Practice & Procedure § 2768 n.4 (4th ed. 2018) (citing *New York Cent. Transp. Co.*, 323 F. Supp. 598, 599 (N.D. Ohio 1971) (holding that the reference to an "interested party" in 28 U.S.C. § 2201 "is to one seeking a declaration of rights, and not to those who may be joined as parties defendant to such an action")). Merchant did not file a counterclaim seeking the declaratory judgment that she seeks in her motion for summary judgment. Although her answer to Democracy's Third-Party Complaint indicates that she believes she is entitled to such relief, it is not pleaded as a counterclaim. But even if her answer should be construed as a counterclaim seeking declaratory judgment, such a counterclaim would be time-barred for the same reasons that any claim by Merchant for breach of contract would be time-barred. *See Gilbert v. City of Cambridge*, 932 F.2d 51, 57-58 (1st Cir. 1991) ("To prevent plaintiffs from making a mockery of the statute of limitations by the simple expedient of creative labelling—styling an action as one for declaratory relief rather than for damages—courts must necessarily focus on the substance of an asserted claim as opposed to its form. It is settled, therefore, that where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitations bars the concurrent legal remedy."); *see also Cook v. Nu-Tech Hous. Servs., Inc.*, 953 F.2d 1383 (4th Cir. 1992) ("A declaratory judgment is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering that anything be done; its distinctive characteristic being that the declaration stands by itself, and no executory process follows.") Nonetheless, it is not necessary for the Court to determine whether Merchant was required to file a counterclaim to obtain declaratory judgment in her favor.

*Preiser v. Newkirk*, 422 U.S. 395, 401-02 (1975)). It is possible that Merchant might file a claim against Democracy in the future and that Democracy will have to move for dismissal of such claim on statute of limitations grounds. In that way, a declaratory judgment in Democracy's favor would not be "entirely frivolous." *Id.* But the likelihood of Democracy incurring any liability in connection with any claim that could be raised by Merchant is so low that "discretion counsels against granting any such relief in this matter." *Id.*

"[C]onsiderations of practicality and fair judicial administration" counsel against entertaining Democracy's declaratory judgment claim. *Wilton*, 515 U.S. at 288. There is no "actual, ongoing" controversy between the parties, and any declaratory relief would do nothing to afford the parties relief from the "uncertainty, insecurity, and controversy" that gave rise to this case. The Court will therefore exercise its broad discretion to decline to entertain Democracy's declaratory judgment claim. Because Democracy's other claims depend on a declaration adverse to Democracy, those claims are now moot and will be dismissed. To the extent that Merchant has raised a valid counterclaim, it is dismissed because it is barred by the statute of limitations.

Democracy's Counterclaim and Third Amended Complaint (ECF Nos. 38 & 39) are **DISMISSED WITHOUT PREJUDICE**. Considering the settlement agreements between Russell, Woods, and Democracy, Russell's Second Amended Complaint (ECF No. 36) and Russell's cross-claim against Woods (ECF No. 45) are also **DISMISSED WITHOUT PREJUDICE**. All pending motions (ECF Nos. 82, 85, 88, 90, 92, and 97) are **DENIED AS MOOT**.

The Clerk of Court shall **CLOSE** this case.

| | |
|---|---|
| February 25, 2019 | /s/ |
| Date | Timothy J. Sullivan |
| | United States Magistrate Judge |